## KILBOURN & LATTA

*vs.*

## EDWIN H. KING.

1.  Where the owner of property places it with a real estate broker for sale who accordingly advertises it, the latter is entitled to his commission if the purchaser derived his information through the broker that the property was for sale, although the negotiations were had with the owner and the purchase was made directly from him.
2.  Where a contract is partly in print and partly in writing, and the written portion only is read over to the contracting party and he then directs his signature to be placed to the paper, he is bound by the agreement although he neither read nor had read over to him, the printed matter, provided he had an opportunity to read it and it was not fraudulently concealed or withheld from him.

Law No. 4252.   Decided Nov. 8, 1868.

MOTION for a new trial on exceptions.

STATEMENT OF THE CASE AND DECISION.

This was an action of assumpsit to recover commissions for the sale of a piece of real estate under a written contract, which consisted of a printed form filled up in writing. The written portion was read over to the defendant and he then authorized his signature to be placed to the contract. It appeared that the defendant could read and write.

The defense relied upon was that at the time defendant authorized his signature to be placed to the contract he did not see the printed matter, and that it was not read over to him.

At the trial the following instructions were granted at the request of the plaintiffs and excepted to by the defendant:

First. If the jury believe, from the evidence, that the defendant placed the property in question in the hands of the plaintiffs for sale, said plaintiffs being real estate brokers, and that said plaintiffs advertised said property for sale, and that the purchaser derived his information that the property was for sale from the plaintiffs, and afterwards negotiated himself with the defendant, and purchased the property, then the plaintiffs are entitled to recover whatever the jury may think their services reasonably worth.

Second. If the jury believe from the evidence, that one of the plaintiffs read to the defendant the written matter on the agreement in evidence, but did not read the printed matter, and that the defendant had an opportunity to read the entire paper, but did not, and directed one of the plaintiffs to sign his name thereto, then he is bound by said agreement, unless the jury further believe that said plaintiffs fraudulently concealed or withheld said printed matter from said defendant's observation.

On hearing and argument in the General Term these rulings were affirmed.

MR. WM. F. MATTINGLY, for plaintiffs.

MR. R. T. MERRICK, for defendant.